

FILED

Apr 10 2019, 7:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Richard K. Shoultz
Neal Bowling
Lewis Wagner, LLP
Indianapolis, Indiana

Paul B. Poracky
Koransky Bouwer & Poracky, P.C.
Dyer, Indiana

ATTORNEY FOR APPELLEES

William H. Walden
Munster, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ana Martins,<br>*Appellant-Defendant,*<br><br>v.<br><br>Richard Hill and Diana Hill,<br>*Appellees-Plaintiffs.* | April 10, 2019<br><br>Court of Appeals Case No.<br>18A-CT-2740<br><br>Appeal from the Lake Superior Court<br><br>The Honorable John M. Sedia, Judge<br><br>Trial Court Cause No.<br>45D01-1405-CT-113 |

**Sharpnack, Senior Judge.**

# Statement of the Case

Ana Martins appeals the trial court's order granting Richard and Diana Hill's Motion to Enforce Unconditionally Accepted Qualified Settlement Offer. We reverse and remand.

# Issue

Martins raises one issue, which we restate as: whether the trial court erred in granting the Hills' Motion.

# Facts and Procedural History

On August 15, 2012, Ana Martins rode her bike on or near a paved bike path in Crown Point, Indiana. The Hills were riding a tandem bike on the same path, and they and Martins collided. The Hills and Martins each claimed to have suffered injuries from the collision.

This case began on May 9, 2014, when the Hills filed a complaint against Martins and the City of Crown Point. The Hills alleged that Martins was negligent and that the City negligently designed, constructed, and operated the bike path.[1]

On June 13, 2014, attorney Julie Havenith filed an appearance on behalf of Martins. After requesting and receiving an extension of time, Martins, through

---

[1] The trial court later granted summary judgment to the City, ending its participation in the case.

Attorney Havenith, filed an answer to the Hills' complaint on August 13, 2014. Martins denied liability and raised affirmative defenses, including contributory negligence.

[6] Meanwhile, on August 7, 2014, attorney Paul Poracky also filed an appearance on behalf of Martins. That same day, Martins, through Attorney Poracky, filed a counterclaim against the Hills, alleging negligence.

[7] On October 19, 2015, attorney Richard K. Shoultz filed an appearance on behalf of Martins. Next, Attorney Havenith withdrew her appearance. On December 18, 2015, Martins, through Attorney Shoultz, moved to extend the discovery and mediation deadlines. The trial court granted the request. Meanwhile, the case was submitted to mediation by order of the court. On August 25, 2016, the mediator reported to the trial court that the parties could not reach an agreement.

[8] The case continued to move forward, with Attorneys Poracky and Shoultz separately filing pleadings on behalf of Martins. Attorney Shoultz also communicated with the Hills' attorneys. On September 4, 2018, the Hills filed a Motion to Enforce Unconditionally Accepted Qualified Settlement Offer, citing recent communication among the attorneys. Martins, through Attorney Shoultz, filed a response. We discuss the circumstances of the purported settlement offer and purported acceptance in more detail below.

[9] The trial court held a hearing on September 19, 2018, and granted the Hills' motion. The court ordered that "the settlement of this case, including the filing

of a stipulated dismissal of the Hills' claim and Martins' counterclaim with prejudice, be completed within thirty (30) days of the date of this order." Appellant's App. Vol. II, p. 18. The court further designated its order as a final judgment. Martins filed a motion to correct error, which the court denied. This appeal followed.

## Discussion and Decision

[10] Martins argues that the trial court erred in determining the parties had negotiated a valid settlement agreement and ordering that it be implemented. There are no factual disputes, and the parties are raising questions of law, which we review de novo. *See Conwell v. Gray Loon Outdoor Mktg. Grp, Inc.*, 906 N.E.2d 805, 813 (Ind. 2009) (whether a contract exists is a question of law).

[11] Settlement agreements are governed by principles of contract law. *Ind. State Highway Comm'n v. Curtis*, 704 N.E.2d 1015, 1018 (Ind. 1998). A valid contract requires offer, acceptance, consideration, and manifestation of mutual assent. *Family Video Movie Club, Inc. v. Home Folks, Inc.*, 827 N.E.2d 582, 585 (Ind. Ct. App. 2005).

[12] The General Assembly has enacted Indiana Code section 34-50-1-1 et seq., known collectively as the Qualified Settlement Offer statutes, to govern a subset of settlement discussions in tort cases. Ind. Code § 34-50-1-1 (1998). If a party presents a qualified settlement offer under the statutes, and the other party does not accept the offer and later receives a judgment that is less favorable than the terms of the offer, the trial court "shall" award attorney's fees, costs and

expenses to the offeror in an amount not to exceed $1,000. Ind. Code § 34-50-1-6 (1998).

[13] To be considered a qualified settlement offer, the offer must:

> (1) be in writing;
>
> (2) be signed by the offeror or the offeror's attorney of record;
>
> (3) be designated on its face as a qualified settlement offer;
>
> (4) be delivered to each recipient or recipient's attorney of record:
>
> (A) by registered or certified mail; or
>
> (B) by any method that verifies the date of receipt;
>
> (5) set forth the complete terms of the settlement proposed by the offeror to the recipient in sufficient detail to allow the recipient to decide whether to accept or reject it;
>
> (6) include the name and address of the offeror and the offeror's attorney of record, if any; and
>
> (7) expressly revoke all prior qualified settlement offers made by the offeror to the recipient.

Ind. Code § 34-50-1-4 (1998). In addition, an offer must "must resolve all claims and defenses at issue in the civil action between the offeror and the

recipient before the qualified settlement offer may be accepted by the recipient." Ind. Code § 34-50-1-3 (1998).

[14] The Qualified Settlement Offer statutes set forth the requirements for an acceptance, as follows:

> An acceptance of a qualified settlement offer must be:
>
> (1) unconditional;
>
> (2) in writing;
>
> (3) signed by the accepting recipient or the accepting recipient's attorney of record; and
>
> (4) delivered:
>
> (A) by registered or certified mail or by a means that verifies the date of receipt;
>
> (B) to the offeror or the offeror's attorney of record; and
>
> (C) not more than thirty (30) days after the recipient receives the qualified settlement offer.

Ind. Code § 34-50-1-5 (1998).

[15] Indiana Code section 34-50-1-6 (1998) is in derogation of the common law rule that each party generally pays their own attorneys' fees. *Courter v. Fugitt*, 714 N.E.2d 1129, 1132 (Ind. Ct. App. 1999). We construe that statute narrowly.

*Id.* Further, "[w]e presume that 'the legislature did not intend by statute to make any change in the common law beyond what it declares either in express terms or by unmistakable implication.'" *Id.* (quoting *Chavis v. Patton*, 683 N.E.2d 253, 258 (Ind. Ct. App. 1997)). Nothing in the Qualified Settlement Offer statutes alters the fundamental common law requirements for a contract: offer, acceptance, consideration, and manifestation of mutual assent.

[16] In the current case, Martins, through Attorney Shoultz, sent the Hills a letter on August 31, 2018. The letter provided:

> Defendant, Ana Martins, by counsel, pursuant to I.C. §34-50-1-1 et seq., hereby offers settlement to resolve all remaining claims and defenses at issue in this action between Plaintiffs, Richard and Dianna [sic ]Hill, and Defendant, Ana Martins, in the amount of One Hundred Thousand Dollars ($100,000.00). In exchange, Plaintiffs agree to execute and sign a full and final release from any and all liability with respect to any claim or the assertion of any and all claims against Defendant.

> Plaintiffs must further acknowledge that the release of all claims comprises the entire agreement between the Plaintiffs and Defendant, and that Plaintiffs will agree to and execute a Stipulation of Dismissal, with prejudice, of their claims against Defendant.

> This offer is a Qualified Settlement Offer pursuant to Ind. Code §34-50-1-1 et. seq. which could result in Plaintiffs being required to reimburse Defendant for attorney fees, costs and expenses if a more favorable verdict is received by the Defendant at trial.

> This Qualified Settlement Offer expressly revokes all prior settlement offers or Qualified Settlement Offers made by the

Defendant (offeror) to the Plaintiffs (recipient). Pursuant to Ind. Code § 34-50-1-5, this Offer must be accepted within thirty (30) days after receipt of this letter.

Please make written response to this offer to Richard K. Shoultz at Lewis Wagner, [address], within thirty (30) days. Thank you.

Appellant's App. Vol. II, p. 56.

[17] On September 2, 2018, the Hills' attorney responded via email:

Richard Hill accepts the offer as long as everyone dismisses and everything is over. As long as this is the case, you no longer need to drive to Hammond Tuesday. Please confirm and I will call the court first thing Tuesday.

*Id.* at 57.

[18] Later on the same day, Attorney Shoultz responded as follows, in relevant part:

I have been trying to reach Paul Poracky to confirm if Ms. Martins will agree to dismiss her counterclaim but have not received a response. I do not have authority to dismiss her claim. Thus, I hope we hear from Paul before tomorrow morning.

*Id.* at 72. After this exchange, the Hills filed their Motion to Enforce Unconditionally Accepted Qualified Settlement Offer, which resulted in the trial court issuing the final judgment that is the subject of this appeal.

[19] A close review of the plain language of the parties' communications reveals that there was no mutual assent and no contract was formed. Attorney Shoultz's letter discussed the Hills' claims and Martins' defenses but omitted any mention

of Martins' counterclaim. In addition, the letter emphasized the release and dismissal of the Hills' claims against Martins, with no mention of the release and dismissal of her counterclaim.

[20] The Hills argue that Attorney Shoultz's offer necessarily included Martins' counterclaim because Indiana Code section 34-50-1-3 requires that a qualified settlement offer "must resolve all claims and defenses . . . between the offeror and the recipient." Nevertheless, the counterclaim was not included in Shoultz's offer. As a result, we must conclude that the offer failed to meet the requirements for a qualified settlement offer.

[21] Although the offer did not meet the requirements of Indiana Code section 34-50-1-3, it was an offer that, if accepted, would have created an enforceable contract for the Hills to settle and dismiss all claims against Martins in exchange for $100,000. In any event, the Hills' response did not qualify as an acceptance. "It is well settled that in order for an offer and an acceptance to constitute a contract, the acceptance must meet and correspond with the offer in every respect." *I.C.C. Protective Coatings, Inc. v. A.E. Staley Mfg. Co.*, 695 N.E.2d 1030, 1034 (Ind. Ct. App. 1998), *trans. denied*. An acceptance which varies the terms of the offer is considered a rejection and operates as a counteroffer, which may be then accepted by the original offeror. *Id.* at 1035.

[22] In this case, the Hills' response to Martins' offer was in substance a counteroffer because it added an additional term: "as long as everyone dismisses and everything is over." Appellant's App. Vol. II, p. 71. In addition, the Hills'

response indicated negotiations were not at an end, because it asked Martins to "please confirm" that everyone was "dismiss[ing]." *Id.*

[23] Based on the plain language of the parties' communications,[2] they failed to agree upon a contractual settlement of the case under the Qualified Settlement Offer statutes or otherwise. We conclude the trial court erred in granting the Hills' Motion to Enforce Unconditionally Accepted Qualified Settlement Offer because there was neither a valid offer under the Qualified Settlement Offer statutes nor a valid acceptance.

# Conclusion

[24] For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings.

[25] Reversed and remanded.

[26] Robb, J., and Crone, J., concur.

---

[2] The parties dispute whether Attorney Shoultz had been granted the authority to negotiate with the Hills' attorney as to Martins' counterclaim. It is unnecessary for us to address this issue because we have resolved the appeal based on the language of the parties' communications.